# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Lorraine MacDonald et al.

    v.

Jacobs' Family Trust

Case No. 17-cv-499-AJ
Opinion No. 2018 DNH 077

**O R D E R**

Plaintiffs Lorraine and Peter MacDonald bring this action against the Jacobs' Family Trust through its trustee, Arthur Jacobs, alleging two counts of negligence and one count of intentional infliction of emotional distress. The plaintiffs contend that Arthur Jacobs's sister, Lisa Jacobs, harassed and threatened the plaintiffs and made false reports against them while residing with the Trust's permission at a property the Trust owned that abutted the plaintiffs' property. Originally filed in state court, the Trust removed the matter to this court based on diversity jurisdiction. See doc. no. 1. The plaintiffs move to remand the case to state court, arguing that the removal was untimely. Doc. no. 4. The Trust objects. Doc. no. 6. For the reasons that follow, the motion to remand is denied.

## Background

The plaintiffs first filed this action in state court on January 26, 2017. See doc. no. 1-1 at 5. On June 6, 2017, the

plaintiffs effected service of process on the Trust.  See doc. no. 4-2 at 1-2.  The plaintiffs concede that this service did not comply with New Hampshire law.  See doc. no. 4-1 ¶ 2.  The Trust moved to dismiss the action for, among other things, lack of personal jurisdiction.  See doc. no. 1-5 at 3-30.  On September 12, 2017, the state court denied that motion on personal jurisdiction grounds, but directed the plaintiffs to effect proper service within 60 days.  See doc. no. 1-7 at 20.

The plaintiffs properly served the Trust on September 14, 2017.  See doc. no. 1-4.  On September 22, 2017, the plaintiffs received a $160,000 jury verdict against Lisa Jacobs in a separate action.  Doc. no. 6-2 at 2-3.  On that same day, plaintiffs' counsel emailed counsel for the Trust and indicated that this award would "constitute an element of damages in connection" with this case.  Id. at 1.  Plaintiffs' counsel referenced the jury verdict form, which he attached to the email.  Id. at 2-3.  On October 16, 2017, the Trust removed the case to this court.  Doc. no. 1.

## Discussion

The procedure for removing civil actions is governed by 28 U.S.C. § 1446.  Section 1446(b) sets forth two thirty-day windows for removal.  See Romulus v. CVS Pharmacy, Inc., 770 F.3d 67, 73 (1st Cir. 2014).  Section 1446(b)(1) generally

2

requires that removal occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Id. (quoting 28 U.S.C. § 1446(b)(1)). But if that pleading does not state a removable case, § 1446(b)(3) allows for removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. (quoting 28 U.S.C. § 1446(b)(3)). The removing defendant has the burden of showing that removal is proper. Fayard v. Ne. Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008).

As the Trust solely invokes this court's diversity jurisdiction, and there is no dispute the parties reside in different states, the removability of this action depends on whether the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The plaintiffs contend that this was ascertainable from the complaint,[1] and that the Trust therefore should have removed this matter no later than thirty days after

---

[1] Though the plaintiffs do not explicitly raise this contention, it is implied in their more general argument that the Trust "had sufficient information to ascertain the action was removable" once it received the complaint. Doc. no. 4-1 ¶ 11.

it received the complaint.[2]  The Trust counters that it could not ascertain that this matter was removable until it received the September 22, 2017 email indicating that the plaintiffs would seek to recover the $160,000 verdict against Lisa Jacobs as part of this lawsuit.  Only then, according to the Trust, was it clear that there was a sufficient amount in controversy for this matter to fall within this court's diversity jurisdiction.

"[A] plaintiff's pleading or later paper will trigger the deadlines in Section 1446(b) if [it] includes a clear statement of the damages sought or . . . sets forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation."  Romulus, 770 F.3d at 75.  "The defendant has no duty, however, to investigate or to supply facts outside of those provided by the plaintiff."  Id.

The court turns first to the complaint.  This pleading plainly does not include a clear statement of the damages sought.  The court therefore must determine whether it sets forth sufficient facts from which the Trust could have easily ascertained the amount in controversy by simple calculation.

---

[2] The plaintiffs alternatively argue that this occurred on June 6, 2017, when they initially, but improperly, served the Trust, on September 12, 2017, when the state court denied the Trust's motion to dismiss and directed service, or on September 14, 2017, when they properly served process.  As there is no dispute that the Trust did not file its notice of removal within thirty days of any of these dates, the court need not determine which date is operative.

4

The court concludes that it does not.  Though the complaint makes certain references to damages, see doc. no. 1-1 ¶¶ 1, 29, 31, 33, and at one point states that the plaintiffs are entitled to a "substantial monetary reward," see id. ¶ 31, there is no indication that the plaintiffs seek to recover an amount exceeding $75,000 as part of this action.[3]  Thus, there was no way for the Trust to ascertain from the complaint that this case was removable.  Receipt of the complaint accordingly did not trigger the 30-day period under § 1446(b).

    The September 22, 2017 email is the only other document that could have indicated to the Trust that this case met the court's jurisdictional threshold.  The court must therefore determine whether that email provided sufficient basis for the Trust to remove this action.  The court has little trouble concluding that it did.  The First Circuit has previously held that an email sent by a plaintiff constitutes the type of "other paper" that can trigger § 1446(b)(3)'s thirty-day deadline.  See Romulus, 770 F.3d at 72.  The September 22, 2017 email specifically indicated that the plaintiffs would seek to recover

---

[3] Indeed, the only discussion of the amount in controversy in the complaint is several references to the New Hampshire superior court's jurisdictional limits and minimums.  See doc. no. 1-1 ¶¶ 39, 31, 33.  These references do not put the action within the jurisdictional limits of this court, however, because the superior court has a significantly lower threshold for both concurrent jurisdiction ($1,500) and exclusive jurisdiction ($25,000).  See N.H. Rev. Stat. Ann §§ 491:7; 502-A:14.

the jury verdict they received in their action against Lisa Jacobs as part of this action. Doc. no. 6-2 at 1. And the jury verdict form, referenced in and attached to the email, indicated that the verdict totaled $160,000. Id. at 2-3. Based on this information, the Trust could easily ascertain that the amount in controversy exceeded $75,000. The September 22, 2017 email therefore triggered the thirty-day period under § 1446(b)(3). As the Trust filed its removal within thirty days of that email, see doc. no. 1-1, removal was timely.

Though the parties only address timeliness in their papers, the court has an independent obligation to ensure there is a substantive basis for federal jurisdiction. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). While in some cases this requires a separate analysis of whether the amount actually in controversy meets the jurisdictional threshold, see, e.g., Romulus, 770 F.3d 80-81; Thomas v. Adecco USA, Inc., No. 1:13-cv-00070-JAW, 2013 WL 6119073, at *4-7 (D. Me. Nov. 21, 2013), in this case this analysis is coextensive with the above determination with respect to timeliness. Though the First Circuit has never addressed the specific circumstances at issue in this case, it has held in a similar context that a removing defendant "must show a 'reasonable probability'" that the amount in controversy is met. Romulus, 770 F.3d at 80 (citation omitted). The First Circuit has stressed, however,

that "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id. (emphasis in original) (citations omitted). Here, the September 22, 2017 email plainly establishes that the amount in controversy exceeds $75,000. As there is no dispute that the parties are diverse, there is a substantive basis for diversity jurisdiction over this action. See 28 U.S.C. § 1332(a).

## Conclusion

In sum, the court concludes that the Trust timely removed this action and that it falls within the court's diversity jurisdiction. The plaintiffs' motion to remand (doc. no. 4) is accordingly denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

April 11, 2018

cc: Joseph S. Hoppock, Esq.
    Christopher T. Hilson, Esq.